UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN THE MATTER OF:                              )
                                               )
MASSMAN, TRAYLOR, ALBERICI, A                  )   Case No.:    4:14-cv-001204
JOINT-VENTURE and its Joint Venturers          )
MASSMAN CONSTRUCTION CO., INC.,                )   In Admiralty
TRAYLOR BROS., INC., and ALBERICI              )
CONSTRUCTORS, INC., for Exoneration from       )
or Limitation of Liability.

**COMPLAINT FOR EXONERATION
FROM OR LIMITATION OF LIABILITY**

COME NOW Plaintiffs Massman, Traylor, Alberici, A Joint-Venture, and its Joint Venturers Massman Construction Co., Inc., Traylor Bros., Inc., and Alberici Constructors, Inc. by and through their undersigned attorneys, and respectfully state as follows:

1.   This action arises under the laws of the United States providing for exoneration from or limitation of vessel owners' liability, 46 U.S.C. §§ 30501-30512, as applicable, and the various statutes, rules, and regulations relating thereto. It is a cause of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has jurisdiction pursuant to 28 U.S.C. § 1333.

2.   At all material times, Massman, Traylor, Alberici, a Joint-Venture, was and is a joint-venture duly organized and existing under law. The joint venturers are: Massman Construction Co., Traylor Bros., Inc., and Alberici Constructors, Inc., each of which is a corporation duly organized and existing under law.  At all material times, Massman, Traylor, Alberici, A Joint-Venture was engaged in the business of bridge construction with an office in the City of St. Louis, Missouri.

3.   At all material times, Massman, Traylor, Alberici, a Joint-Venture, owned BARGE MCC 467 within the meaning of 46 U.S.C. § 30505.

4. Venue is proper in this Court because BARGE MCC 467, upon which the instant Complaint is premised, is found within this Judicial District and Plaintiffs have been sued in state court within this judicial district.

5. At all material times, BARGE MCC 467 was, and is, a steel deck barge constructed in 2007 and having a length of 120 feet, a width of 32 feet, and a height of 8 feet.

6. At all material times, Massman, Traylor, Alberici, a Joint-Venture, used due diligence to make BARGE MCC 467 seaworthy, and it was, at the time of the incident described herein, tight, staunch, and strong and in all respects seaworthy and fit for the service in which it was engaged.

7. At all material times, BARGE MCC 467 was operated by Massman, Traylor, Alberici, a Joint-Venture, on the Mississippi River, and the barge is, and will be, within the jurisdiction of this Court during the pendency of this action.

8. On March 19, 2012, Jennifer Seyler was allegedly injured while working aboard BARGE MCC 467 which was located in the Mississippi River north of downtown St. Louis, Missouri.

9. At said time and place, Jennifer Seyler was employed by M.T.C. Construction d/b/a Kay Bates Steel Services, a Missouri corporation.

10. At said time and place, Jennifer Seyler alleged she fell from a ladder located on MCC 467, resulting in injuries to Jennifer Seyler.

11. On information and belief, at all material times, Jennifer Seyler was a resident of Illinois.

12. The aforementioned incident involving Jennifer Seyler was not caused or contributed to be caused by any fault, neglect, want of care, or design on the part of Plaintiffs, BARGE MCC 467, or anyone or anything for whom Plaintiffs may be responsible.

13. The aforementioned incident and alleged injuries to Jennifer Seyler occurred either as a result of factors for which no one was responsible, or were caused by or were contributed to be caused by the fault and negligence of Jennifer Seyler and/or the fault and negligence of other persons or entities, or other conditions, for which Plaintiffs are not responsible.

14. The aforementioned incident and alleged injuries to Jennifer Seyler were occasioned and occurred without fault of Plaintiffs and without the privity or knowledge of Plaintiffs.

15. BARGE MCC 467 has not been attached or arrested in any suit brought in connection with a claim arising out of the aforementioned incident. Plaintiff Massman, Traylor, Alberici, a Joint-Venture, has been sued in the Circuit Court of the City of St. Louis, State of Missouri in the matter *Jennifer Seyler  v.  M.T.C. Construction, Inc. d/b/a Kay Bates Steel Services, et al.*, Cause No. 1322-CC01321 as a result of said incident.

16. On March 19, 2012, the date of the incident which gave rise to this exoneration and limitation of liability action, the value of BARGE MCC 467 did not exceed Two Hundred Seventy Five Thousand and No/100 Dollars ($275,000.00).  There was no freight then pending for the services that BARGE MCC 467 was performing at the time of said incident.  *See* Affidavit of James F. Pritchard attached hereto as Exhibit A, and Affidavit of Richard C. Hoover attached hereto as Exhibit B.  Upon information and belief, Plaintiffs state that there are no liens

upon said vessels prior to or paramount to any lien that may have accrued by reason of the matters aforesaid.

17. Security for the value of BARGE MCC 467 will be provided.

18. Plaintiffs claim and seek exoneration from liability for any loss, damages, or injury occasioned or incurred by reason of the aforementioned incident involving Jennifer Seyler, and for any and all claims relating thereto and Plaintiffs allege that they have valid defenses thereto on the facts and on the law.

19. Upon information and belief, the claims arising out of the aforementioned incident may exceed the value of BARGE MCC 467.

20. Plaintiffs further claim the benefit of the Limitation of Vessel Owners' Liability Act provided under Title 46, United States Code, §§ 30501-30512, as applicable, providing for limitation of vessel owners' liability, and the various statutes, rules, and regulations supplemental thereto, and amendatory thereof; and to that end, Plaintiffs are ready and willing to proceed according to law and pursuant to the rules and practices of this Honorable Court.

21. All and singular, the premises are true and are exclusively within the Admiralty and Maritime Jurisdiction of the United States and this Honorable Court.

WHEREFORE, Plaintiffs pray that:

a) This Honorable Court enter an Order approving the Stipulation for Costs in the amount of One Thousand and No/100 Dollars ($1,000.00);

b) This Honorable Court enter an Order approving the Security for Value in a form to be provided in the amount of Two Hundred Seventy-Five Thousand and no/100 Dollars ($275,000.00);

      c)      Upon the filing of the foregoing, this Court issue an injunction restraining the commencement or prosecution of any and all actions, suits, or legal proceedings of any kind against Plaintiffs, including the joint venturers (Massman Construction Co., Traylor Brothers, Inc. and/or Alberici Constructors, Inc.), Plaintiffs' agents or representatives, any person for whom Plaintiffs are or may be responsible, Plaintiffs' underwriters, BARGE MCC 467, and/or any other property owned by Plaintiffs, arising from or relating to the incident recited in the above and foregoing Complaint other than in these proceedings;

      d)      The Court issue a notice to all persons, firms, and corporations having or alleging to have claims by reason of the incident recited in the above and foregoing Complaint, admonishing them to appear and file their claims with the Clerk of this Honorable Court on or before the date to be fixed by this Court and as specified in the notice or to be forever barred and permanently enjoined from making and filing any such claims, and to answer, all and singular, the allegations of this Complaint;

      e)      The Court adjudge Plaintiffs not liable for any damages, demands, or claims whatsoever in consequence of or arising out of or connected with the incident recited above and in this Complaint;

      f)      In the alternative, if this Court should adjudge that Plaintiffs are liable to any extent in the premises, the Court then adjudge that the liability of Plaintiffs be limited to the amount of their interest in BARGE MCC 467 at the time of the incident; and in that event, the amount paid into the Court as representing the value of Plaintiffs' interest in BARGE MCC 467 shall be divided pro-rata among any claimants having made due proof of their represented claims, and that a decree be entered discharging Plaintiffs and

BARGE MCC 467 from all further liability in consequence of or arising out of or connected with the matters and happenings recited above and in this Complaint, and further enjoining the filing and prosecution of any claim against Plaintiffs and BARGE MCC 467 with reference to the matter and happenings recited in this Complaint; and

g)   Plaintiffs have such other and further relief as may be just and proper.

Respectfully submitted,

**STINSON LEONARD STREET LLP**


By:   */s/ Jon A. Santangelo*
Jon A. Santangelo, #39751MO
Kimberly M. Steuterman, #59609MO
Neal B. Griffin, #64879MO
7700 Forsyth Blvd, Suite 1100
St. Louis, Missouri  63105
(314) 863.0800 - Telephone
(314) 863-9388 - Facsimile
jon.santangelo@stinsonleonard.com
kimberly.steuterman@stinsonleonard.com
neal.griffin@stinsonleonard.com

*Attorneys for Plaintiffs Massman, Traylor, Alberici, A Joint-Venture, and its Joint Venturers, Massman Construction Co., Inc., Traylor Bros., Inc., and Alberici Constructors Inc.*