UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| MASSMAN, TRAYLOR, ALBERICI, A ) | |
| JOINT VENTURE, AND ITS JOINT ) | |
| VENTURERS MASSMAN ) | Case No. 4:14-CV-1204-CEJ |
| CONSTRUCTION CO., TRAYLOR ) | |
| BROS., INC., AND ALBERICI ) | |
| CONSTRUCTORS, INC., ) | |
| for Exoneration from or Limitation ) | |
| of Liability. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the court on claimant's motion to dismiss the complaint and to lift the stay of proceedings entered on July 17, 2014. Also before the court is claimant's motion to increase the limitation fund. The issues are fully briefed.

### I. Background

Petitioners bring this action for exoneration from or limitation of liability pursuant to 46 U.S.C. §§ 30501–12. The petitioners are joint venture Massman, Traylor, Alberici and its members (collectively referred to as "MTA"), who were involved in constructing a bridge over the Mississippi River near St. Louis, Missouri. At all relevant times, MTA was the owner of Barge MCC 467.

Claimant Jennifer Seyler was employed by a contractor to work on MTA's bridge construction project. On March 19, 2012, Seyler was working on the barge when she fell from a ladder and was injured. Seyler brought suit against MTA in the Circuit Court of the City of St. Louis, alleging that MTA knew the barge was unsafe and unseaworthy. In the state court action, Seyler asserts a negligence claim and a claim under the Jones Act, 46 U.S.C. § 30104. MTA denies liability and contends that the Jones Act is inapplicable because Seyler was not MTA's employee.

After the state court lawsuit was filed, MTA brought this action to limit any liability to Seyler to the value of the barge, which they claim is $275,000. Pursuant to 46 U.S.C. § 30511(b) and Fed. R. Civ. P. Supp. R. F(1), MTA filed a Letter of Undertaking in which MTA's insurer states that it agrees to pay up to $275,000 plus interest if Seyler succeeds on her claims, but "strictly subject to the terms, conditions, and limits of [MTA's] insurance policy." [Doc. #6-1, at 2] On July 17, 2014, the court entered an order approving the barge valuation of $275,000 and staying the state court case pending final disposition of the instant action. [Doc. #9]

Seyler has filed a stipulation conceding that all issues related to limitation of liability are to be determined by the district court and consenting to waive any claim of res judicata relevant to the issue of limitation of liability. She also agrees that she will not seek to enforce against MTA any judgment that may be entered in her favor or in favor or any other party in excess of the limitation fund as determined by the district court. Seyler contends, however, that the value of the barge is more than $275,000 and she asks the court to order an independent appraisal. She also seeks to increase MTA's potential liability up to the value of all the vessels that were involved in the bridge construction project on the day of the accident. Moreover, Seyler disputes that MTA's letter of undertaking satisfies 46 U.S.C. § 30511(b) and Fed. R. Civ. P. Supp. R. F(1) because (1) MTA did not provide security until twelve days after it filed the complaint and (2) the insurer reserved the right to refuse payment based on the terms and conditions of MTA's insurance policy.

II.   Discussion

## A. Stay of state court proceedings

"While 28 U.S.C. § 1333(1) does grant to the federal district courts exclusive jurisdiction over suits brought pursuant to the Limitation Act . . . the same statute also 'sav[es] to suitors in all cases all other remedies to which they are entitled.'" *Riverway Harbor Serv., St. Louis, Inc. v. Bridge & Crane Inspection, Inc.*, 263 F.3d 786, 791 (8th Cir. 2001) (quoting 28 U.S.C. § 1333(1)). Hence, "two jurisdictional possibilities" are presented: "shipowners desire exclusive federal jurisdiction to limit their liability and avoid encountering a jury trial, and claimants seek 'other remedies' such as jury trials in state court." *Id.* (citing cases).

The Eighth Circuit has recognized that "[i]n two kinds of limitation cases, the federal courts have permitted claimants to pursue their remedies in a forum of their own choosing." *Universal Towing v. Barrale*, 595 F.2d 414, 418 (8th Cir. 1979). The first type of case is one in which the limitation fund exceeds the total of all claims. *Id.* (citing cases). The second type of case is one in which "there is only one claim which exceeds the value of the fund." *Id.* (citing cases). In that situation, "a claimant may pursue his common-law remedies in state court provided he files a stipulation in the district court which concedes that all questions of limitation of liability are reserved for the admiralty court." *Id. at 419* (citing cases). Here, Seyler is the only claimant, so the single claim exception applies. When one of the two exceptions applies, "it is an abuse of the court's discretion to fail to dissolve the injunction against other legal proceedings, and thus deprive a claimant of his choice of forum." *Valley Line Co. v. Ryan*, 771 F.2d 366, 373 (8th Cir. 1985). Thus, if Seyler's stipulation is adequate, the court must lift the stay.

A claimant's stipulation is adequate if it includes (1) an acknowledgment that the district court has exclusive jurisdiction to determine all issues relating to the shipowner's right to limit its liability, including determination of the value of the limitation fund and (2) a waiver of any right to claim res judicata based on a judgment from another forum. *See Magnolia Marine Transp. Co. v. LaPlace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992) (citing cases); *Valley Line*, 771 F.2d at 373 & n.3 (citing cases); *see also Riverway Harbor Serv.*, 263 F.3d at 792.

MTA argues that Seyler's stipulation is inadequate because she does not agree to forego collecting from putative co-defendants or third parties who, in turn, might seek contribution from MTA in excess of the liability fund. But Seyler has stipulated that she will not enforce any judgment against MTA in excess of the liability fund, even if that judgment is rendered against a third party and owed to her from MTA on the third party's behalf. Seyler, of course, cannot bind third parties with her stipulations, and neither 46 U.S.C. § 30511(b) or Fed. R. Civ. P. Supp. R. F(1) require her to do so.

MTA next argues that the stipulation is inadequate because Seyler disputes the value of the barge and whether the value of other vessels should be taken into account in determining the amount of the limitation fund. MTA's argument is unpersuasive, as Seyler has stipulated that the district court has sole authority to determine whether MTA qualifies for limited liability and, if so, in what amount. Seyler need not concede that MTA's proposed limit of $275,000 is correct in order for her to proceed in state court on the question of whether MTA is liable at all. Further, the court will enter an order enjoining Seyler from collecting on any state

4

court judgment until this case is concluded and thereby address MTA's apprehension that Seyler could collect more than the amount in the limitation fund.

In the stipulation, Seyler agrees not to seek any judgment or ruling as to MTA's right to limitation of liability "in any state court or federal court in which a *jury trial* has been demanded." (emphasis added). [Doc. #15, ¶ 2] MTA argues that because this waiver is limited to proceedings in which a jury trial has been demanded, the stipulation is inadequate. However, elsewhere in the stipulation Seyler concedes that MTA has "the right to litigate all issues relating to limitation of liability" in the district court. [Doc. #15, ¶ 1] That right cannot diminished by Seyler's election of a jury trial or a bench trial in the state court proceeding. *See In re Walsh Const. Co.*, 4:13-CV-2526-HEA, 2014 WL 2956557, at *4 (E.D. Mo. Aug. 13, 2014) (addressing the same concern and deciding that the stipulation was adequate); *In re Massman*, 4:12-CV-01665-JCH, 2013 WL 718885 (E.D. Mo. Feb. 27, 2013)(substantially similar stipulation found to be adequate).

Finally, MTA disputes the sufficiency of the stipulation because Seyler does not consent to waive a present claim of res judicata but only a future claim. That is a distinction without a difference. Here, the state court proceeding has not concluded, so Seyler's consent to waive any res judicata effect of that proceeding operates as a complete, present waiver. The court finds that MTA is adequately protected by Seyler's consent to waive any res judicata claims relevant to the issue of limitation of liability.

For the reasons set out above, the court finds that Seyler's stipulation is adequate. Consequently, the court will lift the stay enjoining the state court proceedings.

### B. The Limitation Fund

Pursuant to Fed. R. Civ. P. Supp. R. F(7), Seyler seeks an independent appraisal of the barge, which she claims has been undervalued by MTA. She also contends that the limitation fund should be increased, based on the "flotilla doctrine," to include the combined value of all vessels engaged in the bridge construction project. *See generally Sacramento Navigation Co. v. Salz*, 273 U.S. 326 (1927); *Liverpool, Brazil, & River Plate Steam Navigation Co. v. Brooklyn E. Dist. Terminal*, 251 U.S. 48 (1919); *Standard Dredging Co. v. Kristiansen*, 67 F.2d 548, 551 (2d Cir. 1933) (cases establishing the flotilla doctrine). "The better procedure as to [an] increase in the limitation fund is to wait on the conclusion of the limitation action, and to increase the security if the owner is found entitled to limitation and the limitation fund is inadequate." *World Tanker Carriers Corp. v. M/V Ya Mawlaya*, 94-4190, 95-0396, 95-0511, 95-1151, 95-3295, 1996 WL 20874, at *3 (E.D. La. Jan. 18, 1996), *rev'd on other grounds*, 99 F.3d 717 (5th Cir. 1996) (citations omitted); *see also In re Massman*, 2013 WL 718885. Because Seyler's apprehensions about the size of the limitation fund may be rendered moot if she loses her state court suit or wins a judgment of less than $275,000, it would be premature to address the merits of her arguments to increase the fund. Accordingly, the Court denies without prejudice Seyler's motion for an appraisal of the barge and to increase the limitation fund.

### C. The Letter of Undertaking

Seyler contends that the Letter of Undertaking from MTA's insurer is not adequate security under 46 U.S.C. § 30511(b) and Fed. R. Civ. P. Supp. R. F(1). The statute gives the owner of a vessel seeking to limit its liability the option to

either: (1) deposit with the court "an amount equal to the value of the owner's interest in the vessel and pending freight, or approved security; and [] an amount, or approved security, that the court may fix from time to time as necessary"; or (2) transfer to a court-appointed trustee "the owner's interest in the vessel and pending freight; and [] an amount, or approved security, that the court may fix from time to time as necessary . . . ." 46 U.S.C. § 30511(b). Supplemental Rule F(1) mirrors § 30511(b)'s requirements and adds that an owner "shall also give security for costs and, if the [owner] elects to give security, for interest at the rate of 6 percent per annum from the date of the security."

MTA elected to submit security in the form of the Letter of Undertaking. The letter, however, contains two limitations on the insurer's obligation to pay any judgment obtained by Seyler. First, the insurer agrees to pay up to $275,000 plus interest "in accordance with and strictly subject to the terms, conditions, and limits of its insurance policy . . . ." [Doc. #6-1, at 2] Second, the insurer is not "responsible for payments in excess of the available limits of its respective insurance policy." *Id.* Thus, the insurer has not guaranteed without reservation that it will satisfy a judgment against MTA. Rather, its obligation to pay any judgment arises from and is limited by the terms and conditions of an insurance policy that is not before the court. Continental's letter is, therefore, not an unreserved guarantee of payment and is not adequate security. MTA will be required to submit adequate security or risk dismissal of the complaint.

Because the court finds the Letter of Understanding to be inadequate security, it is unnecessary to address Seyler's alternative argument regarding the timeliness of the letter.

### D. Motion to dismiss

Seyler moves to dismiss this action on the grounds that she has the right to a jury trial in the state court and that her injury was caused by MTA's negligence and the unseaworthiness of its barge. Because the stay will be lifted, Seyler will be allowed to proceed with her negligence claim in the state court. Her assertion that she is entitled to prevail is not only unsupported by any facts but is also premature.

*****

For the reasons discussed above,

**IT IS HEREBY ORDERED** that claimant's motion to dismiss [Doc. #12] is **denied without prejudice**.

**IT IS FURTHER ORDERED** that claimant's motion to dissolve stay and injunction [Doc. #16] is **granted.**

**IT IS FURTHER ORDERED** that the stay and injunction entered on July 17, 2014 is **dissolved** to permit claimant to proceed with the action styled *Jennifer Seyler v. M.T.C. Construction, Inc. d/b/a Kay Bates Steel Company*, Cause No. 1322-CC01321, filed in the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis).

**IT IS FURTHER ORDERED** that a stay of entry of judgment and enforcement of recovery in any proceeding pending final judgment in this limitation proceeding is entered.

**IT IS FURTHER ORDERED** that claimant's motion to lift stay and injunction [Doc. #15] is **moot**.

**IT IS FURTHER ORDERED** that claimant's motion to increase the limitation fund [Doc. #13] is **denied without prejudice**.

**IT IS FURTHER ORDERED** that petitioners shall have until **April 24, 2015**, to file with the Clerk of Court an approved corporate surety bond or other security guaranteeing, without reservation, the satisfaction of a judgment up to the maximum amount of $275,000 that may be entered in favor of claimant and against petitioners in the action styled *Jennifer Seyler v. M.T.C. Construction, Inc. d/b/a Kay Bates Steel Company*, Cause No. 1322-CC01321, filed in the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis). Failure to comply with this order will result in lifting of the stay of entry of judgment and dismissal of this action.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of March, 2015.